Jose MUNOZ, Plaintiff,

v.

**SECRETARY OF the DEPARTMENT OF HEALTH AND HUMAN SERVICES, Defendant.**

**No. 80 Civil 5718.**

United States District Court, S. D. New York.

Jan. 6, 1982.

Jose Munoz, pro se.

John S. Martin, Jr., U. S. Atty., S.D.N.Y., New York City, for defendant; J. D. Pope, Asst. U. S. Atty., Frank V. Smith, III, Regional Atty.-Region II, Linda Lee Walker, Asst. Regional Atty., Secretary of Health and Human Services, New York City, of counsel.

## OPINION

EDWARD WEINFELD, District Judge.

Plaintiff, Jose Munoz, commenced this action pursuant to 42 U.S.C., section 405(g) to review a final determination of the Secretary of Health and Human Services ("Secretary") that denied him supplemental security income ("SSI") on the ground that the evidence was insufficient to prove an impairment of such severity as to preclude substantial gainful activity. Petitioner appeared pro se at the administrative hearing and he expressly and knowingly waived his right to representation by an attorney. In this action he also appears pro se. The decision was made after full consideration of Munoz' medical history, his testimony and demeanor at a hearing before an administrative law judge ("ALJ"), his educational and vocational background.

 The Secretary moves pursuant to Rule 12(c) of the Federal Rules of Civil Procedure for judgment on the pleadings dismissing the complaint. The Secretary's determination must be upheld if it is supported by substantial evidence on the record as a whole—that is, "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." [1]

After a word-by-word reading and a "searching investigation" [2] of the record, including the various exhibits and the testimony taken before the ALJ, the Court is persuaded that his findings, affirmed upon appeal by the Administrative Appeals Court, are supported by substantial evidence and that the Secretary's determination must be upheld.

The plaintiff claimed supplemental security income under section 1614(a)(3)(A) of the Social Security Act, as amended,[3] upon allegations that due to severe eye impairment he was unable to perform his

---

1. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229, 59 S.Ct. 206, 216, 83 L.Ed. 126 (1938).

2. *Gold v. Secretary of Health, Education and Welfare*, 463 F.2d 38, 43 (2d Cir. 1972) (quoting

*Miracle v. Celebrezze*, 351 F.2d 361, 382–83 (6th Cir. 1965)).

3. 42 U.S.C. § 1382c(a)(3)(A) (1974 & Supp. 1981).

usual or other work. Plaintiff at the time of the administrative procedure was 46 years of age; his regular occupation was that of a short order cook and a delivery man for a restaurant. This involved working in the kitchen preparing salads and at other times making deliveries on foot by walking from the restaurant to the place of delivery.

He had been operated on his right eye for removal of cataracts in September 1978; there was an uneventful recovery which required five days' post-operative hospitalization. Later he developed a detached retina in that eye for which he underwent surgery in March 1979. At that time, upon his admission to the hospital, it was also noted that he might have aphakia [4] in his right eye and glaucoma [5] in his left eye. Subsequently, upon examination in June 1979, a doctor whose practice is limited to the eye and eye surgery found that he "had almost no vision and severe iritis [6] and hemorrhaging in the right eye; that his left eye had good vision and normal visual field." However, with respect to the left eye the doctor noted presbyopia [7] and possible glaucoma. As to the visual field in the left eye, he noted a thirty-five percent loss in peripheral vision but with central acuity remaining at 20/20 without correction. The evidence before the ALJ indicated that plaintiff is able to do his own shopping; take care of his own housework, cooking, dishes and laundry; visit with friends on a daily basis from four to five hours; attend church weekly and sometimes on a daily basis; care about his personal needs; and as plaintiff testified, that he was capable of standing for forty-five minutes to an hour and sitting for two hours.

The ALJ found that plaintiff's impairments are loss of vision in the right eye and mildly restricted visual field in the left eye. While the ALJ did not minimize any pain that plaintiff might experience or that work might produce, he concluded, based upon the demeanor of the plaintiff at the hearing as well as the medical facts and clinical findings, that the impairments would not produce pain of such intensity that the ordinary physical activity necessary to perform his past work would be impossible or contraindicated. So, too, plaintiff testified, and the record supports the finding, that he has the residual functional capacity to perform work-related functions except for work involving fine manipulation; that his former work as a cook or delivery man did not require such fine manipulation and that his impairments did not prevent him from performing his former work (as a cook or delivery man). Consequently, the claimant was not under a disability as defined in the statute and regulations promulgated thereunder.

The Court upon its "searching investigation" of the entire record concludes that the ALJ's determination is reasonable and is supported by substantial evidence and that the Secretary's determination based thereon must be upheld.

Accordingly, the motion to dismiss the complaint is granted. So ordered.

---

4. Absence of the lens of the eye. Dorland's Medical Dictionary (25th ed. 1974) (hereafter Dorland's Medical Dictionary).

5. A disease of the eye characterized by increased pressure within the eyeball and progressive loss of vision. Dorland's Medical Dictionary.

6. Inflammation of the iris. Dorland's Medical Dictionary.

7. Farsightedness and impairment of vision due to advancing years or to old age. It is dependent on diminution of the power of accommodation from loss of elasticity of the crystalline lens, causing the near point of distinct vision to be removed farther from the eye. Dorland's Medical Dictionary.